SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
------------------------------------------------------------------X

MAXWELL ROBERTSON CORPORATION,  
ROBERT GARSTAK,

          Plaintiffs,

-against-

TENNECO, INC., PACTIV CORPORATION,

          Defendant.

------------------------------------------------------------------X

Index No.: 4607-2007

Plaintiff designates
Orange County as the
place of trial.

The basis of venue is the cause of
action arose in Orange County.

**SUMMONS**

Plaintiff's residence is
65 Sunset Ridge Road
Monroe, New York 10950

TO THE ABOVE-NAMED DEFENDANT:

  YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service, or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: May 22, 2007
    Goshen, New York

                _____
                CHRISTOPHER D. WATKINS, ESQ.
                SUSSMAN & WATKINS
                40 Park Place
                P.O. Box 1005
                Goshen, New York 12550
                Tel. (845) 294-3991

TO: TENNECO, INC.
    PACTIV CORPORATION
    1900 West Field Court
    Lake Forest, Illinois 60045

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
-------------------------------------------------------------X
MAXWELL ROBERTSON CORPORATION,
ROBERT GARSTAK,

                Plaintiff,      **VERIFIED COMPLAINT**

-against-                         Index No. _____

TENNECO, INC., PACTIV CORPORATION,

                Defendants.
-------------------------------------------------------------X

    Plaintiffs, by and through their attorneys, SUSSMAN & WATKINS, respectfully allege:

### I. PARTIES

1. Plaintiff Maxwell Robertson Corp. ("Robertson") is a New York corporation with its principal place of business in Monroe, New York. It was a party to the underlying contract.

2. Plaintiff Robert Garstak is President of Robertson. He was a party to the underlying contract.

3. Defendant Tenneco, Inc. is an Illinois corporation which does business in New York. It was a party to the underlying contract.

4. Defendant Pactiv Corporation is an Illinois corporation which does business in New York. Pactiv is the successor to Tenneco Packaging, Inc. and/or Tenneco Packaging, both of which were parties to the underlying contract.

### II. JURISDICTION

5. As plaintiffs assert claims of breach of contract and equitable claims, this Court has jurisdiction. As the underlying contract specifically provides that Orange County is the proper venue for any claims arising out of the underlying contract between the parties, venue properly

lies in Orange County.

### III. FACTUAL AVERMENTS

6. On July 7, 2000, plaintiffs entered into an "exclusive broker" agreement with Tenneco, Tenneco, Inc., Tenneco Packaging and Tenneco Packaging, Inc (collectively "Tenneco"). A true and correct copy of said agreement is attached hereto as Exhibit A.

7. As set forth in the agreement, Tenneco was in the business of providing specifically designed packaging for the products of other companies and Robertson was in the business of obtaining packaging for its clients, including Remington Products Company ("Remington").

8. Under the terms of the contract, plaintiffs agreed to: (1) provide Tenneco with the opportunity to bid on all Remington projects within the control of Robertson; and (2) use its best efforts to assure that any Tenneco bid accepted by Remington resulted in a final transaction.

9. In exchange, Tenneco agreed that, unless and until it gave plaintiffs written notice otherwise (via certified mail), Robertson would be its exclusive broker for all work Tenneco obtained from Remington.

10. Under this exclusive broker agreement, any work performed by Tenneco on behalf of Remington would result in a commission to Robertson, regardless of whether Robertson was actually involved in arranging for the work to be performed.

11. Under the agreement, if Robertson did not actually arrange for the work to be performed, Tenneco would pay the highest rate of commission earned by Robertson on any deal between Tenneco and Remington in the preceding sixty (60) months.

12. Tenneco further agreed that, for a period of three (3) years after it gave Robertson written notice that it would no longer be its exclusive agent in dealing with Remington, Tenneco

would not solicit or accept any work from or on behalf of Remington unless said work was arranged through Robertson.

13. The agreement further provided that if at any time in the three (3) years after Tenneco gave Robertson written notice Tenneco provided any services to Remington not arranged through Robertson, Tenneco would pay Robertson a commission based on the highest commission earned by Robertson on any deal between Tenneco and Remington in the preceding sixty (60) months.

14. The agreement further provided that, if Tenneco failed to timely pay Robertson any commissions which it owed based on the agreement, Tenneco would pay all costs, including attorneys' fees, incurred in the collection of said commissions.

15. Through the end of 2001, plaintiffs arranged for work to be performed by Tenneco and its successor, Pactiv, on behalf of Remington and Remington's supplier companies, including Izumi, Heroka and others. Pursuant to the agreement attached hereto, Tenneco and Pactiv paid commissions to plaintiffs for such transactions.

16. In or about March 2002, a Pactiv agent advised Garstak that Pactiv no longer planned to provide services to Remington and its suppliers.

17. Notwithstanding this representation, Pactiv continued to provide packaging services to Remington, and its successor corporation, Rayovac, and its supplier companies, including Izumi. Pactiv continues to do lucrative business with such companies today.

18. Defendants never provided plaintiffs with written notice cancelling the exclusive broker agreement attached hereto as Exhibit A.

19. Under the terms of said agreement, plaintiffs are entitled to commissions on all sales between Pactiv and Remington, its successors and supplier companies.

3

20. In or about December 2006, Garstak learned that Pactiv was in fact doing business with Izumi and other supplier companies covered by plaintiffs' exclusive broker agreement with defendants.

21. Defendants' breach of the exclusive broker agreement is a continuing breach.

22. Under the agreement, "[a]ny action or proceeding arising out of this agreement shall be brought in Orange County."

### III. CAUSES OF ACTION

22. Plaintiffs incorporate paragraphs 1-21 as if fully stated herein.

23. By dint of the foregoing, defendants have breached their exclusive broker agreement with plaintiffs in an amount presently unknown, but believed to exceed $1,000,000 (one million dollars).

24. Plaintiffs are entitled to recover damages for any and all commissions from 2001 to present and continuing for three years until after defendants have given written notice of cancellation, plus any and all consequential damages caused by defendants' breach, plus interest, plus costs and attorneys' fees.

25. By dint of the foregoing, defendants have been unjustly enriched. Plaintiffs are entitled to recover the full amount of defendants' unjust enrichment, plus interest.

WHEREFORE, plaintiff prays that this Honorable Court:

(a) accept jurisdiction over this matter;

(b) award to plaintiffs their damages, including unpaid commissions, consequential damages, interest, and costs, including incurred attorneys' fees;

© enter any other relief justified by the law and facts.

Dated: May 11, 2007
      Goshen, New York

                                    Respectfully submitted,

                                    Christopher D. Watkins
                                    SUSSMAN & WATKINS
                                    P.O. Box 1005 – 40 Park Place
                                    Goshen, New York 10924
                                    *Counsel for Plaintiff*

## VERIFICATION

I, Robert Garstack, am President of Maxwell Robertson Corporation. I have reviewed the annexed Verified Complaint and hereby affirm that its contents are true and correct to the best of my knowledge.

ROBERT GARSTAK

Sworn to me this 7th day of May 2007.

NOTARY PUBLIC

CHRISTOPHER D. WATKINS
Notary Public, State of New York
No. 02WA6124421
Qualified in Ulster County
Commission Expires March 28, 2009

# AGREEMENT

AGREEMENT made this 27th day of July, 2000 by and between Tenneco and/or Tenneco, Inc. and/or Tenneco Packaging and/or Tenneco Packaging, Inc. (hereafter jointly known as "Tenneco.") and Maxwell Robertson Corp. and/or Robert Garstak (hereafter jointly known as "Robertson").

## WITNESSETH

WHEREAS, Tenneco is in the business of providing specifically designed packaging for the products of other companies; and

WHEREAS, Robertson is in the business of obtaining packaging for the products of its/his clients; and,

WHEREAS, Remington Products Company, LLC (hereinafter "Remington") is a client of Robertson for whom Robertson obtains packaging for its products; and,

WHEREAS, Tenneco wants Robertson to continue to use their services with respect to some or all of the packaging needs of Remington; and,

WHEREAS, Robertson wants to be assured that Tenneco will not negotiate with or enter into any agreement directly with Remington or with Remington through any individual or business entity other than Robertson;

NOW, THEREFORE, in consideration of the mutual covenants and conditions hereinafter described, the parties hereto agree as follows:

1. Robertson agrees to provide Tenneco with the opportunity to bid on all Remington projects within the control of Robertson.

2. Robertson agrees to use his best efforts to assure that any project for which a bid by Tenneco is accepted by Remington results in a final transaction.

3. Tenneco agrees that until it gives Robertson written Notice otherwise (said Notice to be delivered by Certified mail only), Robertson shall be its exclusive agent for all work obtained from Remington. Therefore, until said Notice is given, any work performed by Tenneco on behalf of Remington that is not arranged through Robertson shall nonetheless result in a commission from Tenneco to Robertson, due immediately, in an amount not less than the commission that would have been earned by Robertson if said deal had been arranged through Robertson. For the purpose of calculating Robertson's commission, the parties agree to use the highest rate of commission earned by Robertson on any deal between Tenneco and Remington in the preceding sixty (60) months.

4. Tenneco further agrees that, for a period of three (3) years after delivery of the Notice referred to in paragraph 3 above, it shall not solicit or accept any work from or on behalf of Remington unless said work is arranged through Robertson. If during this period Tenneco provides any services to Remington that are not arranged through Robertson, Tenneco shall immediately pay to Robertson a commission in an amount not less than the commission that would have been earned by Robertson if said deal had been arranged through Robertson. For the purpose of calculating Robertson's commission, the parties agree to use the highest rate of commission earned by Robertson on any deal between Tenneco and Remington in the preceding sixty (60) months.

2

5. In the event that any commission due to Robertson for work not arranged through Robertson (pursuant to the terms of paragraphs 3 and 4 above) is not promptly paid upon demand, Tenneco shall pay all costs incurred in the collection of said commissions including, but not limited to actual attorney's fees.

This Agreement shall be governed by the laws of the State of New York. Any action or proceeding arising out of this agreement shall be brought in Orange County.

This Agreement shall bind and inure to benefit of the Parties hereto and their respective heirs, assigns, personal and legal representatives and successors in interest.

In the event that any portion of this agreement is found to be invalid or otherwise unenforceable by a court of competent jurisdiction, the remainder of this agreement shall continue to be binding upon the parties hereto.

All parties have been advised by counsel of their choice, and each knowingly and intentionally waives the applicability of any rule of construction which provides that in the event of ambiguity, the provision in question is to be construed to the detriment of the party responsible for the drafting of the document.

IN WITNESS WHEREOF, the parties hereto have executed this agreement as of the date first above set forth.

Tenneco and/or Tenneco, Inc. and/or Tenneco Packaging and/or Tenneco Packaging, Inc.

Maxwell Robertson Corp.

By: _____
Mike Siegel, Director of Paper Operations, Tenneco

By: _____
Robert Garstak, President

_____
Mike Siegel

_____
Robert Garstak

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the attached **NOTICE OF REMOVAL** was served via regular mail on July 18, 2007, upon:

Christopher D. Watkins, Esq.
Sussman & Watkins
40 Park Place
P.O. Box 1005
Goshen, NY 12550
(845) 294-3991

Dated: July 18, 2007

_____
Scott L. Haworth (SH 5890)